SCOTT, P. J.   The statute (chapter 128, p. 312, Laws 1901) which the defendant invokes as a defense in this case is a highly penal one and must be strictly construed.   Gay v. Seibold, 97 N. Y. 472, 49 Am. Rep. 533.   And, as said in Imperato v. Wasboe (Sup.) 93 N. Y. Supp. 489, "without the insertion of any terms which are not essential to its reasonable interpretation."   It is unreasonable to suppose that the Legislature intended the act to apply to leases of real property.   It is true that section 240 of the real property law (Laws 1896, p. 607, c. 547) contains a definition of what is included in the term "real property" which would embrace a lease similar to the one procured by the plaintiff; but such definition is limited to the term "real property as used in this article," and the article referred to (article 8) has reference to the recording of instruments affecting real property only, and the statute referred to (chapter 128, supra) cannot, by reason of anything contained in that section, be construed as having reference to leases of property for a term exceeding three years.

Judgment affirmed, with costs.   All concur.

---

(48 Misc. Rep. 367.)

KETCHAM v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.   October 27, 1905.)

CARRIERS—REGULATION—TRANSFERS.

Railroad Law, Laws 1892, p. 1406, c. 676, § 104, providing that railroad companies within the limits of incorporated cities and villages shall forfeit $50 to the aggrieved party for each failure to give a transfer entitling a passenger to a continuous trip to any portion of the railroad, does not require the giving of a transfer between two separate lines controlled by the same corporation, where they do not intersect, though one line approaches within 30 feet of the other.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by E. V. R. Ketcham against the New York City Railway Company.   From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Henry K. Davis, for appellant.
William E. Weaver, for respondent.

BISCHOFF, J.   The question presented upon this appeal is whether the defendant railway company incurred a penalty, under section 104 of the railroad law (Laws 1892, p. 1406, c. 676), for its failure to give the plaintiff through transportation upon its line of railroad operated in the city of New York, at a point where its line on Park Row approaches its line upon Broadway, at or about the intersection of Vesey street with Broadway.   The two lines of railroad, operated, respectively, on Park Row and on Broadway, are separate lines, both controlled by the defendant, however, under a contract with the original operating corporations; but the lines at the point in question do not in-

tersect, the Park Row Line having its terminus at the end of Park Row where this street joins Broadway, and there being an intervening space of about 30 feet between the nearest rails of the respective lines of railroad. The statute in question (section 104 of the railroad law) provides as follows:

"Every such corporation entering into such contract shall carry or permit any other party thereto to carry between any two points on the railroads or portions thereof embraced in such contract any passenger desiring to make one continuous trip between such points for one single fare, not higher than the fare lawfully chargeable by either of such corporations for an adult passenger. Every such corporation shall upon demand, and without extra charge, give to each passenger paying one single fare a transfer, entitling such passenger to one continuous trip to any point or portion of any railroad embraced in such contract, to the end that the public convenience may be promoted by the operation of the railroads embraced in such contract substantially as a single railroad with a single rate of fare. For every refusal to comply with the requirements of this section the corporation so refusing shall forfeit fifty dollars to the aggrieved party. The provisions of this section shall only apply to railroads wholly within the limits of any one incorporated city or village."

In our opinion the reasonable meaning of this statute is such as to restrict its operation to lines of railroads substantially intersecting, and to exclude a case where a passenger has been carried to the known terminus of one line. The words "continuous trip," as used in this statute, are not satisfied by the mere physical proximity of two lines of railroad, with the attendant ease with which a passenger might walk from one line to the other, where the railroads are physically distinct and are not operated as intersecting lines in one railroad system. If the plaintiff were entitled to a transfer at the point in question, it would be difficult to say that he was not equally so entitled at a point a block to the north, where, by reason of the divergence of Park Row from Broadway, the distance between the lines was greater, but not too great, to be covered by a pedestrian with ease and dispatch; and, upon the same line of reasoning, the right of a passenger to transfer from one of two parallel street railways upon different streets, which were one or two blocks apart, would also, necessarily, be upheld. This result does not seem to have been within the contemplation of the Legislature, and we conclude that the plaintiff's claim to the statutory penalty, upon the facts before us, is not within the purview of the act.

The judgment is therefore affirmed, with costs. All concur.